SABITA J. SONEJI (SBN 224262)
ssoneji@tzlegal.com
KATHERINE M. AIZPURU (*pro hac vice*)
kaizpuru@tzlegal.com
TYCKO & ZAVAREEI LLP
The Tower Building
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950

NORMAN E. SIEGEL (*pro hac vice*)
siegel@stuevesiegel.com
BARRETT J. VAHLE (*pro hac vice*)
vahle@stuevesiegel.com
JILLIAN R. DENT (*pro hac vice*)
dent@stuevesiegel.com
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

*Attorneys for Plaintiff Brett Heeger*

ROSEMARIE T. RING (SBN 220769)
rose.ring@mto.com
ANDREW CATH RUBENSTEIN (SBN 295116)
Andrew.Rubenstein@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

LAURA D. SMOLOWE (SBN 263012)
Laura.smolowe@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

ZOE BEDELL (*pro hac vice*)
Zoe.Bedell@mto.com
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W.
Seventh Floor
Washington, D.C. 20004-1357
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

*Attorneys for Defendant Facebook, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRETT HEEGER,<br><br>                    Plaintiff,<br><br>       v.<br><br>FACEBOOK, INC.,<br><br>                    Defendant. | Case No. 3:18-cv-06399-JD<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof; and

WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record;

WHEREAS, such information likely will include, among other things, information about sensitive products and/or services, proprietary design and development materials of products and/or services, source code, strategic decision-making information, and marketing and sales information ("Protected Material");

IT IS HEREBY STIPULATED, and subject to the Court's approval, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor during the previous five years, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive CONFIDENTIAL information or items disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys, as well as their employees, who are not

employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are employed by a law firm which has appeared on behalf of that party.

2.11   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained

the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5. DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g. to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5

5.2     **Manner and Timing of Designations**.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(b) for testimony given in deposition or other pretrial or trial proceedings that the Designating Party either (1) identifies on the record or (2) identifies, in writing, within 21 days of receipt of the final transcript, that the transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition or other pretrial or trial proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL, or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that was not designated on the record pursuant to the first paragraph

of Section 5 above shall be treated during the 21-day period for designation as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

(a) In the event that Disclosure or Discovery Material that is subject to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is inadvertently produced without such designation, the Producing Party that inadvertently produced the document shall give written notice of such inadvertent production (the "Inadvertent Production Notice") and shall reproduce copies of the Discovery Material that contain the appropriate confidentiality designation. Upon receipt of such Inadvertent Production Notice and reproduction of Discovery Materials, the Party that received the inadvertently produced document, material, or testimony shall promptly return, destroy, or sequester the inadvertently produced document, material, or testimony and all copies thereof. Should the Receiving Party choose to destroy or sequester such inadvertently produced document, material, or testimony, the Receiving Party shall notify the Producing Party in writing of such destruction or

sequestering within 14 days of receipt of written notice of the inadvertent production and reproduction of Discovery Materials. This provision is not intended to apply to any inadvertent production of any document, material, or testimony protected by attorney-client or work product privileges.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

  6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court

8

1  intervention, the Designating Party shall file and serve a motion to retain confidentiality under
2  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of
3  the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer
4  process will not resolve their dispute, whichever is earlier. Each such motion must be
5  accompanied by a competent declaration affirming that the movant has complied with the meet
6  and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to
7  make such a motion including the required declaration within 21 days (or 14 days, if applicable)
8  shall automatically waive the confidentiality designation for each challenged designation. In
9  addition, the Challenging Party may file a motion challenging a confidentiality designation at any
10 time if there is good cause for doing so, including a challenge to the designation of a deposition
11 transcript or any portions thereof. Any motion brought pursuant to this provision must be
12 accompanied by a competent declaration affirming that the movant has complied with the meet
13 and confer requirements imposed by the preceding paragraph.

14      The burden of persuasion in any such challenge proceeding shall be on the Designating
15 Party. Unless the Designating Party has waived the confidentiality designation by failing to file a
16 motion to retain confidentiality as described above, all parties shall continue to afford the material
17 in question the level of protection to which it is entitled under the Producing Party's designation
18 until the court rules on the challenge.

19      Frivolous challenges and those made for an improper purpose (e.g., to harass or impose
20 unnecessary expenses and burdens on other parties) may expose the Challenging Party to
21 sanctions.

22  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

23      7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or
24 produced by another Party or by a Non-Party in connection with this case only for prosecuting,
25 defending, or attempting to settle this litigation and associated appeals.  Such Protected Material
26 may be disclosed only to the categories of persons and under the conditions described in this

28  9

Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

7.2   <u>Disclosure of CONFIDENTIAL Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, videographers, and their staff,

(f) professional jury or trial consultants including mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author or recipient of a document containing the information or a custodian who previously possessed the document; and

(i) any mediator or arbitrator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, videographers, and their staff,

(e) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

11

(Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or arbitrator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8. SOURCE CODE

(a) The Parties agree that Plaintiff does not intend to seek the production of source code or materials related to source code (including computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs) at this time.  The Parties further agree that this Stipulated Protective Order does not address the production of source code and materials related to source code and that Facebook shall have no obligation to produce source code or material related to source code unless and until the Parties negotiate additional protections applicable to source code and the Court enters an Amended Protected Order reflecting those additional protections.

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

9.1   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

12

        (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

        If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.2    The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

10.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

        (a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

        (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

        2.    promptly provide the Non-Party with a copy of the Stipulated

13

Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

(c) If the Non-Party fails to object or seek a protective order from this court within a reasonable period of time after receiving the notice and accompanying information, including but not limited to any contractual notice period in an agreement between the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection.  In addition, information that contains privileged matter or attorney work product shall be returned, destroyed, or sequestered promptly by the Receiving Party if such information appears on its face to have been inadvertently produced or if

requested.  After being notified, a Receiving Party must promptly return, destroy, or sequester the specified information until the claim is resolved.  Nothing in this provision will limit the right of the Receiving Party to contest in good faith the Producing Party's claim of privilege or protection.

Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privilege or work-product-protected documents in this case as part of a production is not itself a waiver in this case or any other federal or state proceeding.  The parties agree to the terms provided in the Stipulated Federal Rules of Evidence 502(d) Order and Clawback Agreement [Dkt. 52] entered in this action.

13.  MISCELLANEOUS

13.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3  Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

13.4  Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any

Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court. Material sought to be filed under seal (or, with Court approval, actually filed under seal) shall bear the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, and the words "CONFIDENTIAL INFORMATION – UNDER PROTECTIVE ORDER," or "ATTORNEYS' EYES ONLY INFORMATION – UNDER PROTECTIVE ORDER."

13.4   <u>Jurisdiction</u>.   The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Northern District of California. Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Protective Order.

13.5   <u>Agreement Upon Execution</u>. The Parties agree to be bound by the terms of this Order as of the date counsel for each party executes this Order, even if prior to entry of this order by the Court.

14.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.   As used in this subdivision, "all Protected Material" includes all copies, abstracts,

16

compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of paper copies of source code. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: October 1, 2019

TYCKO & ZAVAREEI LLP
STUEVE SIEGEL HANSON LLP

By: */s/ Barrett J. Vahle*
SABITA J. SONEJI
KATHERINE M. AIZPURU
NORMAN E. SIEGEL
BARRETT J. VAHLE
JILLIAN R. DENT

*Attorneys for Plaintiff Brett Heeger*

DATED: October 1, 2019     MUNGER, TOLLES & OLSON LLP

By: */s/ Laura D. Smolowe*
ROSEMARIE T. RING
LAURA D. SMOLOWE
ANDREW CATH RUBENSTEIN
ALEXANDRA Z. BEDELL

*Attorneys for Defendant Facebook, Inc.*

**IT IS ORDERED** that the forgoing Agreement is approved.

DATED: _____    _____
                                                              United States District Judge

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

Brett HEEGER                              )
                Plaintiff,              )
                             )
       v.                              )   **STIPULATED PROTECTIVE ORDER**
                             )
FACEBOOK, Inc.                        )
                Defendant.            )
                             )

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Heeger v. Facebook, Inc.*, Case No. 3:18-cv-06399-JD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____
Title: _____
Address: _____
Signature: _____
Date: _____

## ATTORNEY ATTESTATION

I, Barrett J. Vahle, am the ECF User whose ID and password are being used to file this Stipulated [Proposed] Protective Order. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

By: */s/ Barrett J. Vahle*
Barrett J. Vahle